# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (KANSAS CITY DOCKET)

**FILED**

MAR 3 1 2006

RALPH L. DeLOACH, Clerk
By ~~mkemant~~ Deputy

06 - 20056-01/14 - JWL - DJW

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| SAVINO DAVILA, | ) |
| a.k.a. "Vino", | ) |
| a.k.a. "Botello", | ) |
| ELVERTO DAVILA, | ) |
| a.k.a. "Sancho", | ) |
| a.k.a. "Verto", | ) |
| TONI BAKER, | ) |
| TINA JOHNSON, | ) |
| JONTELL JONES, | ) |
| a.k.a. "Johntell", | ) |
| a.k.a. "Joe", | ) |
| a.k.a. "Perro", | ) |
| FREDERICK ESKRIDGE | ) |
| a.k.a. "Freddie", | ) |
| ANDRE RIGGANS, | ) |
| a.k.a. "Dre", | ) |
| a.k.a. "Primo", | ) |
| DEMARCUS HOUSTON, | ) |
| a.k.a. "Little Marcus", | ) |
| a.k.a. "Lil Mark", | ) |
| TRISTAN LUSTER, | ) |
| a.k.a. "Stank", | ) |
| ANTONIO BENNETT, | ) |
| a.k.a. "Tony", | ) |
| TERRY VAUGHN, | ) |
| MARCUS VAUGHN, | ) |
| ROBERT COLE JR., and | ) |
| FRANK HENDERSON, | ) |
| a.k.a. "Uncle Frank", | ) |
| a.k.a. "Unc", | ) |
| | ) |
| Defendants. | ) |

1

# INDICTMENT

The Grand Jury charges :

## COUNT 1

Beginning on or about April 18, 2003, the exact date being unknown to the Grand Jury, and continuing up to and including the date of the return of this indictment, in the District of Kansas and elsewhere, the defendants:

**SAVINO DAVILA,**
a.k.a 'Vino",
a.k.a. "Botello",
**ELVERTO DAVILA,**
a.k.a. "Sancho",
a.k.a. "Verto",
**TONI BAKER,**
**TINA JOHNSON,**
**JONTELL JONES,**
a.k.a. "Johntell"
a.k.a. "Joe",
a.k.a. "Perro";
**FREDERICK ESKRIDGE,**
a.k.a. "Freddie",
**ANDRE RIGGANS,**
a.k.a. "Dre",
a.k.a. "Primo",
**DEMARCUS HOUSTON,**
a.k.a. "Little Marcus",
a.k.a. "Lil Mark",
**TRISTAN LUSTER,**
a.k.a. "Stank",
**ANTONIO BENNETT,**
a.k.a. "Tony",
**TERRY VAUGHN,**
**MARCUS VAUGHN,**
**ROBERT COLE, Jr.,** and
**FRANK HENDERSON,**
a.k.a. "Uncle Frank",
a.k.a. "Unc",

did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together with each other and with other persons, both known and unknown to the Grand Jury, to intentionally distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base (crack) a controlled substance, 5 kilograms or more of a mixture and substance containing cocaine, a controlled substance, and 100 kilograms or more of marijuana a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about May 19, 2005, in the District of Kansas, the defendant,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello",

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1, incorporated by reference herein, in violation on Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 3

On or about September 28, 2005, in the District of Kansas and elsewhere, the defendant,

3

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello",

did unlawfully, knowingly, and intentionally, possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(ii).

## COUNT 4

On or about May 4, 2005, in the District of Kansas, the defendants,

**ELVERTO DAVILA,**
a.k.a. "Sancho",
a.k.a. "Verto",
**DEMARCUS HOUSTON,**
a.k.a. "Little Marcus",
a.k.a. "Lil Mark", and
**TRISTAN LUSTER,**
a.k.a. "Stank",

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possess with intent to distribute controlled substances, as set out in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 5

On or about October 6, 2004, in the District of Kansas, the defendant,

**ELVERTO DAVILA,**
a.k.a. "Sancho",
a.k.a. "Verto",

did knowingly, and intentionally, distribute a mixture or substance containing a detectable

4

amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## COUNT 6

On or about March 25, 2005, in the District of Kansas, the defendant,

**ELVERTO DAVILA**
a.k.a. "Sancho",
a.k.a. "Verto",

did knowingly, and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841 (b)(1)(C).

## COUNT 7

On or about June 13, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**TONI BAKER**,

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 8

On or about July 13, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**TONI BAKER,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 9

On or about July 25, 2005, in the District of Kansas and elsewhere, the defendant,

**TONI BAKER,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 10

On or about June 11, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**TONI BAKER,**

aiding and abetting each other and others unknown to the Grand Jury, did knowingly, and intentionally conduct a financial transaction affecting interstate and foreign commerce, that

is, did wrap, conceal, and transport United States currency by automobile from the State of Missouri to the State of Kansas, which currency involved the proceeds of a specified unlawful activity, namely conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846; possession of a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 841; distribution of a controlled substance, in violation of Title 21, United States Code, Section 841; knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, and control of the proceeds of said unlawful activity, and that while conducting, and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is currency in the amount of $62,000 represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I), (a)(1)(B)(I) and 2.

## COUNT 11

On or about May 27, 2005, in the District of Kansas, the defendant,

### TINA JOHNSON,

did unlawfully, knowingly, and intentionally use a communication facility, that is a telephone to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 12

On or about June 13, 2005, in the District of Kansas, the defendant,

**TINA JOHNSON,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 13

On or about July 29, 2005, in the District of Kansas, the defendant,

**TINA JOHNSON,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 14

Beginning in about April, 2003, the exact date being unknown to the grand jury and continuing up to and including March 29, 2006, in the District of Kansas, and elsewhere, the defendant,

**TINA JOHNSON,**

did knowingly, and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute controlled

8

substances, in violation of Title 21, United States Code, Section 846; distribution and possession of a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1); knowing the transactions were designed as whole and in part to conceal, and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction, namely funds in the amount of $498,165, representing the proceeds of some form of specified unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(I), (a)(1)(A)(I), and 2.

## COUNT 15

On or about February 8, 2006, in the District of Kansas, the defendant,

### TINA JOHNSON,

having previously been convicted in the District Court of Jackson County, Missouri, of theft, in Case No. CR 1991-3837, a crime punishable by a term of imprisonment exceeding one (1) year (a felony) did knowingly possess in and affecting commerce, a firearm, that is, a Kel Tech 9mm, serial number 61523, semi-automatic handgun, which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, 922(g), and 924(a)(2).

## COUNT 16

On or about October 2, 2005, in the District of Kansas, the defendant,

### JONTELL JONES,
a.k.a. "Johntell",
a.k.a. "Joe",
a.k.a. "Perro",

9

did unlawfully, knowingly, and intentionally, use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code 843(b), and Title 18, United States Code, Section 2.

## COUNT 17

On or about October 3, 2005, in the District of Kansas, the defendant,

**JONTELL JONES,**
**a.k.a. "Johntell",**
**a.k.a. "Joe",**
**a.k.a. "Perro",**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 18

On or about July 16, 2005, in the District of Kansas, the defendant,

**FREDERICK ESKRIDGE,**
a.k.a. "Freddie",

did unlawfully, knowingly, and intentionally used a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21,

10

United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 19

On or about May 3, 2005, in the District of Kansas, the defendant,

**ANDRE RIGGANS,**
a.k.a. "Dre",
a.k.a. "Primo",

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate, a drug trafficking offense, namely conspiracy to distribute and posses with intent to distribute, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 20

On or about May 4, 2005, in the District of Kansas, the defendant,

**ANDRE RIGGANS,**
a.k.a. "Dre",
a.k.a. "Primo",

did knowingly, and intentionally maintain a place, that is, a house located at 1324 Armstrong, Kansas City, Kansas, for the purpose of manufacturing, distributing, and using cocaine, cocaine base (crack cocaine), and marijuana, controlled substances, in violation of Title 21, United States Code, Section 856 (a)(1), and Title 18, United States Code, Section 2.

## COUNT 21

On or about May 27, 2005, in the District of Kansas, the defendant,

**DEMARCUS HOUSTON,**
a.k.a. "Little Marcus",

a.k.a. "Lil Mark",

did unlawfully, knowingly and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possess with intent to distribute, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 22

On or about May 27, 2005, in the District of Kansas, the defendant,

### DEMARCUS HOUSTON,
a.k.a. "Little Marcus",
a.k.a. "Lil Mark",

did knowingly and intentionally maintain a place, that is, a house located at 3401 N. 39th Street, Kansas City, Kansas, for the purpose of manufacturing, distributing, and using cocaine and cocaine base (crack cocaine), controlled substances, in violation of Title 21, United States Code, Section 856 (a)(1).

## COUNT 23

On or about March 11, 2005, in the District of Kansas, the defendant,

### TRISTAN LUSTER,
a.k.a. "Stank",

did unlawfully, knowingly, and intentionally, use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 24

On or about May 2, 2005, in the District of Kansas, the defendant,

**TRISTAN LUSTER,**
a.k.a. "Stank",

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely, conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 25

On or about March 11, 2005, in the District of Kansas, the defendant,

**TRISTAN LUSTER,**
a.k.a. "Stank",

did knowingly, and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C).

## COUNT 26

On or about August 5, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**ANTONIO BENNETT,**
a.k.a. "Tony",

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy

to distribute and possession with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 27

On or about August 14, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**ANTONIO BENNETT,**
a.k.a. "Tony",

did unlawfully, knowingly and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely the conspiracy to distribute and possess with intent to distribute, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United Stated Code, Section 2.

## COUNT 28

On or about August 5, 2005, in the District of Kansas, the defendant,

**ANTONIO BENNETT,**
a.k.a. "Tony",

did unlawfully, knowingly, and intentionally, manufacture and possess with intent to distribute cocaine and cocaine base (crack), in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

## COUNT 29

On or about July 14, 2005, in the District of Kansas, the defendants,

14

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**TERRY VAUGHN,**

did unlawfully, knowingly, and intentionally, use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely, conspiracy to distribute and possess with intent to distribute, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 30

On or about August 3, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**TERRY VAUGHN,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely, conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, 843(b), and Title 18, United States Code, Section 2.

## COUNT 31

On or about August 16, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**TERRY VAUGHN,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a

15

telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 32

On or about August 16, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello",
**DEMARCUS HOUSTON,**
a.k.a. "Little Marcus",
a.k.a. "Lil Mark",
**TERRY VAUGHN,** and
**MARCUS VAUGHN,**

did knowingly, and intentionally distribute, and possessed with intent to distribute, a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 33

On or about May 17, 2005, in the District of Kansas, the defendants,

**ELVERTO DAVILA,**
a.k.a. "Sancho",
a.k.a. "Verto", and
**ROBERT COLE, Jr.,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in

16

Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 34

On or about May 18, 2005, in the District of Kansas, the defendants,

**ELVERTO DAVILA,**
a.k.a. "Sancho",
a.k.a. "Verto", and
**ROBERT COLE, Jr.,**

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely, conspiracy to distribute and possess with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 35

On or about July 11, 2005, in the District of Kansas, the defendants,

**SAVINO DAVILA,**
a.k.a. "Vino",
a.k.a. "Botello", and
**FRANK HENDERSON,**
a.k.a. "Uncle Frank",
a.k.a. "Unc",

did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to commit, cause, and facilitate a drug trafficking offense, namely conspiracy to distribute and possession with intent to distribute controlled substances, as set forth in Count 1 of this indictment, incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 36

Beginning in approximately April of 2003, the exact date being unknown to the grand jury and continuing up to and including the date of the return of this indictment in the District of Kansas, the defendant,

**FRANK HENDERSON,**
a.k.a. "Uncle Frank",
a.k.a. "Unc",

did knowingly, and intentionally maintain a place, that is, a house located at 2609 N. 20th Street, Kansas City, Kansas, for the purpose of manufacturing, distributing, and using cocaine and cocaine base (crack), controlled substances, in violation of Title 21, United States Code, Section 856 (a)(1).

A TRUE BILL

Dated: 3/31/06

_____
FOREPERSON

For: ERIC F. MELGREN
United States Attorney
District of Kansas
1200 Epic Center
301 N. Main
Wichita, Kansas 67202
Ks. S.Ct. No. 12430

(It is requested that trial on the above captioned case be held in Kansas City, Kansas)

The Court acknowledges the return of this indictment in open court.

_____
UNITED STATES DISTRICT JUDGE
District of Kansas

18

**PENALTIES:**

**Count 1:**  **21 U.S.C. § 846**
**Conspiracy to distribute and possess with intent to distribute controlled substances**

- NLT 10 years imprisonment, NMT life imprisonment;
- NMT $4,000,000.00 fine;
- NLT 5 years supervised release;
- $100 special assessment fee;
- Forfeiture Allegations.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NLT 20 years imprisonment, NMT life imprisonment;
- NMT $8,000,000.00 fine;
- NLT 10 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.

**Counts 2, 4, 7, 8, 9, 11, 12, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 29-31, 33-35:**

**21 U.S.C. § 843(b) and 18 U.S.C. § 2**
**Use a communication facility to commit a drug trafficking offense**

- NMT 4 years imprisonment;
- NMT $250,000.00 fine;
- NMT 3 years supervised release;
- $100 special assessment fee.

- If the defendant has prior conviction for felony drug offense(s):
- NMT 8 years imprisonment
- NMT $250,000 fine
- NMT 3 years supervised release
- $100 Special assessment fee
- Forfeiture Allegations

**Count 3:**  **21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)**
**Distribution of controlled substance**

- NLT 5 years, NMT 40 years imprisonment;
- NMT $2,000,000 fine;
- NMT 5 years supervised release;

- $100 special assessment fee;
- Forfeiture Allegations.

**Counts 5, 6, 25 and 32:    21 U.S.C. § 841(a)(1) and (b)(1)(C)**
                            **Distribution of a controlled substance**

- NMT 20 years imprisonment;
- NMT $1,000,00.00 fine;
- NLT 3 years supervised release;
- $100 special assessment fee;
- Forfeiture Allegations.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NMT 30 years imprisonment;
- NMT $2,000,000.00 fine;
- NLT 6 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.

**Counts 10, 14:    18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i) and 2**
                  **Conduct a financial transaction affecting interstate and foreign**
                  **commerce**

- NMT 20 years imprisonment;
- NMT $ 500,000.00 fine;
- NMT 3 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.

**Count 15:    18 U.S.C. § 922(g) and 924(a)(2)**
             **Felon in possession of a firearm**

- NMT 10 years imprisonment;
- NMT $2,000,00.00 fine;
- NLT 3 years supervised release;
- $100 special assessment fee;
- Forfeiture Allegations.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NLT 10 years; NMT life imprisonment;
- NMT $4,000,000.00 fine;
- NLT 8 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.

**Count 20:**     **21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2**
**Maintain a place for manufacturing, distributing and using controlled substances**

- NLT 5 years imprisonment, NMT 20 years imprisonment;
- NMT $500,000.00 fine;
- NMT 3 years supervised release;
- $100 special assessment fee;
- Forfeiture Allegations.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NLT 10 years imprisonment, NMT life imprisonment;
- NMT $4,000,000.00 fine;
- NLT 8 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.

**Counts 22, 36:**     **21 U.S.C. § 856(a)(1)**
**Maintain a place for manufacturing, distributing and using controlled substances**

- NLT 5 years imprisonment, NMT 20 years imprisonment;
- NMT $500,000.00 fine;
- NMT 3 years supervised release;
- $100 special assessment fee;
- Forfeiture Allegations.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NLT 10 years imprisonment, NMT life imprisonment;
- NMT $4,000,000.00 fine;
- NLT 8 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.

**Count 28:** 21 U.S.C. § 841(a)(1) and (b)(1)(a)
**Manufacture and possess with intent to distribute cocaine and cocaine base (crack)**

- NLT 10 years, NMT Life imprisonment;
- NMT $4,000,00.00 fine;
- NMT 5 years supervised release;
- $100 special assessment fee;
- Forfeiture Allegations.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NMT 30 years imprisonment;
- NMT $2,000,000.00 fine;
- NLT 6 years supervised release;
- $100.00 special assessment fee;
- Forfeiture Allegations.