AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                             **ORDER OF DETENTION PENDING TRIAL**

      SAVINO DAVILA        Case Number: 06-20056-01-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 19, 2006                             s/ David J. Waxse
                                                              *Signature of Judicial Officer*

                                           DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Savino Davila
Criminal Action 06-20056-01-KHV-DJW

## Part II - Written Statement of Reasons for Detention

Mr. Davila, case law and the statutes require that I look at several factors to determine whether or not you should be released or detained.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or an offense listed for which the maximum term of imprisonment is ten years; it clearly is, so that is a negative.

The next factor is the weight of the evidence. There has been a Grand Jury Indictment, and we have heard evidence today that would indicate that the weight of the evidence is not in your favor, so that is a negative.

The next factor is your history and characteristics, which include your physical and mental condition; there is no indication that would be a problem, so that is a positive.

Family ties are positive.

There is no current employment. There are obviously hopes of employment, but the fact that you have not been employed is a negative.

The next factor is your financial resources. There is no indication that you have extensive financial resources that would enable you to flee, so that is a positive.

Length of residence is a positive.

Community ties are positive.

Past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is a substantial negative. You have had substantial contacts with court proceedings in the past, and from biggest problem from my perspective is that when you have been released, either after arrest or while on probation, you've not done well because

3

there are several instances where you have failed to comply with conditions.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release; and it does not appear that you were.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. Based on the Indictment, the Pretrial Services Report and the testimony we have heard today, there is a substantial danger if you were released.

For all those reasons you will remain detained.