**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAVINO DAVILA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CRIMINAL ACTION

No. 06-20056-01-KHV

**MEMORANDUM AND ORDER**

On June 27, 2011, the Court sentenced defendant to 360 months in prison.   On February 9, 2015, under 18 U.S.C. § 3582(c)(2) and sentencing Amendment 782, the Court reduced defendant's sentence to 292 months.   This matter is before the Court on defendant's Motion For Compassionate Release Under 18 U.S.C. § 3582 (Doc. #884) filed December 6, 2021.   The government opposes defendant's motion.   See Government's Response To Defendant's Motion For Compassionate Release (Doc. #888) filed December 23, 2021.   For reasons stated below, the Court sustains defendant's motion.

**Factual Background**

Defendant currently is confined at FCI Seagoville, a Bureau of Prisons ("BOP") facility in Seagoville, Texas.   As of January 31, 2022, 1,079 inmates and 94 staff members at FCI Seagoville had tested positive for Coronavirus Disease-2019 ("COVID-19").   See COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Jan. 31, 2022).   Seven inmates at the facility have died from COVID-19.   See id.   Some 931 of the remaining 1,072 inmates and 75 of the 94 staff members who tested positive have recovered.   See id.

Defendant states that because of pre-diabetes, he is at high risk of severe illness or death if

he contracts COVID-19.   With good time credit, defendant's projected release date is January 5, 2027.   Defendant asks the Court to grant compassionate release based on his health condition, ineffective assistance of counsel at sentencing and post-sentencing rehabilitation.   See Motion For Compassionate Release Under 18 U.S.C. § 3582 (Doc. #884) at 4.

### Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). The Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   Here, the government has not raised the issue of exhaustion.   Thus, the government effectively concedes that defendant has satisfied the exhaustion prerequisite to filing a motion for compassionate release.

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with

-2-

applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence.   18 U.S.C. § 3582(c)(1)(A); <u>United States v. Maumau</u>, 993 F.3d 821, 831 (10th Cir. 2021); <u>United States v. McGee</u>, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.   <u>Maumau</u>, 993 F.3d at 837; <u>McGee</u>, 992 F.3d at 1050. Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.   <u>See</u> <u>United States v. Warren</u>, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021); <u>see also</u> <u>United States v. Jones</u>, 980 F.3d 1098, 1111 (6th Cir. 2020) (where incarcerated person files motion, district court may skip step two of § 3582(c)(1)(A) inquiry and has full discretion to define "extraordinary and compelling" without consulting policy statement at U.S.S.G. § 1B1.13).   Accordingly, the Court evaluates only the first and third requirements.

## I.     Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.   <u>See</u> <u>McGee</u>, 992 F.3d at 1044, 1048.   In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."   <u>United States v. Baydoun</u>, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, <u>Webster's Third International Dictionary, Unabridged</u> (2020)).   "Compelling" means "tending to convince . . . by forcefulness of evidence."   <u>Id.</u> (quoting *compelling*, <u>Webster's Third International Dictionary, Unabridged</u> (2020)).   The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions.   <u>See</u> <u>United States v. Carr</u>, 851 F. App'x 848, 853 (10th Cir. 2021) (district

court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes). For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018). In addition, the policy statement requires that before granting relief, the Court must find that defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).

Here, defendant seeks compassionate release based on his health condition, ineffective assistance of counsel at sentencing and post-sentencing rehabilitation. As to defendant's pre-diabetes, the government concedes that defendant "may have established extraordinary and compelling reasons pursuant [to] CDC and/or DOJ guidelines allowing for compassionate release." Government's Response To Defendant's Motion For Compassionate Release (Doc. #888) at 15. Even so, the government argues that because defendant recovered from a COVID-19 infection in June of 2020 and he refuses to be vaccinated, his medical condition does not establish extraordinary and compelling reasons for release. See id. at 17. The Court need not address whether defendant's pre-diabetes by itself warrants a reduced sentence because he has established that his medical condition and successful rehabilitation together establish extraordinary and compelling reasons for release.

A defendant can show that his rehabilitation and other factors collectively establish

extraordinary and compelling reasons for release.[1]   See United States v. Foreman, No. 02-CR-135-TCK, 2021 WL 2143819, at *7 (N.D. Okla. May 26, 2021) (personal rehabilitation, lack of criminal history and disparity between defendant's sentence and those sentenced for similar crimes after First Step Act constitute extraordinary and compelling reasons for relief); United States v. Marks, 455 F. Supp. 3d 17, 26 (W.D.N.Y. 2020) (combination of defendant's rehabilitation and changes to "stacking" provisions of 18 U.S.C. § 924(c) establish extraordinary and compelling reasons for sentence reduction), appeal withdrawn, No. 20-1404, 2021 WL 1688774 (2d Cir. Jan. 5, 2021).

Here, defendant's rehabilitative efforts have been remarkable.  Since his incarceration, defendant has no disciplinary infractions.   By all accounts, he has been a model inmate.   He has participated in a variety of classes, work assignments, recreational activities and volunteer activities.   Defendant has submitted letters of recommendation from eight BOP employees or contractors who either supervise or interact with him on a routine basis.   Defendant's work supervisor of seven years in food services expresses that he "always" has a positive attitude, has grown in love and kindness to others and would be a great candidate for early release.   A BOP officer, who states that he believes defendant is not a danger to the public and would be a great candidate for release, notes that in some eight years, he has never seen defendant act disrespectfully to staff or inmates.   An instructor notes that defendant was one of the top students in a heating, ventilation & air conditioning vocational training program.   A BOP Recreation Specialist for

---

[1]      Rehabilitation alone cannot constitute an extraordinary and compelling reason for relief.   See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

more than 32 years, who believes that defendant would be an "awesome candidate for early release," notes that defendant has volunteered in the Recreation Department for the past seven years, his work is outstanding, he has an eagerness to go above and beyond what he is assigned to do and he exhibits model behavior.   Defendant's unit counselor states that defendant's interaction with both staff and inmates is "always" positive and uplifting.   Another food services supervisor recommends defendant for early release and notes that he is "always" respectful to staff and inmates.   The government's response does not address defendant's eight letters of recommendation or offer any argument to refute his successful rehabilitation efforts.

In nearly three decades of reviewing post-conviction requests from federal inmates in a variety of contexts, the Court cannot recall that prison personnel have ever expressed such enthusiastic and broad support for an inmate's release.   In these circumstances, defendant's current medical condition, the COVID-19 pandemic and his remarkable rehabilitative efforts collectively establish extraordinary and compelling reasons for release.[2]

## II.    Section 3553(a) Factors

Next, the Court must determine whether a sentence reduction is warranted, and the extent of any reduction, under the applicable factors set forth in 18 U.S.C. § 3553(a).   See 18 U.S.C. § 3582(c)(1)(A).   The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid

---

[2]      Defendant also argues that counsel provided ineffective assistance of counsel at sentencing.   The Court need not address this argument because defendant's medical condition and rehabilitation are sufficient to establish extraordinary and compelling reasons for release.

unwanted sentence disparities among defendants with similar records who are convicted of similar conduct.   See 18 U.S.C. § 3553(a).

The government argues that after balancing the Section 3553(a) factors, the Court should deny release.   Defendant committed a significant drug trafficking offense and has a history of criminal offenses.   Indeed, as the government notes, defendant's criminal history started at age 11 and includes attempted indecent liberties, disorderly conduct, theft, assault and possession of cocaine—all by the age of 16.   Defendant certainly had a troubled criminal past from age 11 through his conviction in this case at age 30.   That troubled past makes defendant's rehabilitation efforts, described above, all the more remarkable.   The government acknowledges that defendant does not appear to pose a direct danger to society upon release.   He already has served approximately 189 months in prison (the equivalent of 222 months with good time credit or approximately 76 percent of his original sentence).   When combined with a special term of supervised release that includes three months of home confinement, a reduced sentence under Section 3582(c)(1)(A) is consistent with the seriousness of the offense, the need for deterrence and the need to protect the public.

In light of defendant's current medical condition, the COVID-19 pandemic, his remarkable rehabilitative efforts and the applicable factors under 18 U.S.C. § 3553(a), the Court finds that a sentence of time served with a special term of supervised release including home confinement of three months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner.   See 18 U.S.C. § 3553(a)(2)(A)–(D).   Accordingly, the Court reduces defendant's sentence of 292 months in prison to time served with a special term of supervised

release of three months to start immediately on his release.   During the special term of supervised release, defendant shall remain at his place of residence except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer.   During the special term of supervised release, defendant shall also follow all location monitoring procedures specified by the probation officer, and must contribute toward the cost, to the extent he is financially able to do so, as directed by the court and/or the probation officer. Defendant shall remain subject to his standard term of supervised release of five years, which will begin immediately after the expiration of the special term of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Motion For Compassionate Release Under 18 U.S.C. § 3582 (Doc. #884) filed December 6, 2021 is **SUSTAINED**.  **The Court reduces defendant's sentence of 292 months in prison to TIME SERVED.   Defendant shall immediately begin a special term of supervised release of three months.   All terms and conditions that apply to defendant's standard term of supervised release (as set forth in the Amended Judgment In A Criminal Case (Doc. #798) filed June 28, 2011 at 3) shall apply to defendant's special term of supervised release.   In addition, during the special term of supervised release, defendant shall remain at his place of residence except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer.   During the special term of supervised release, defendant shall also follow all location monitoring procedures specified by the probation officer, and must contribute toward the cost, to the extent he is financially able to do so, as directed by the**

court and/or the probation officer.   During the first 14 days of his special term of supervised release, defendant shall self-quarantine.   After the special term of supervised release expires, defendant will begin his standard term of supervised release of five years.

Except as modified above, all other terms and conditions of the **Amended Judgment In A Criminal Case** (Doc. #798) filed June 28, 2011 shall remain in effect.

Dated this 2nd day of February, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge